UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-80393-Marra/Matthewman

Chi Nguyen and
Huynh Nguyen,

    Plaintiffs,

v.

Costco Wholesale Corp.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS [DE 44]

THIS CAUSE is before the Court on Plaintiffs' Motion for Sanctions. [DE 44]. Defendant responded to Plaintiffs' motion [DE 45]. The Court held a hearing on the motion on January 17, 2020. [DE 48]. This matter is ripe for review. For the reasons that follow, the motion is denied.

### I. Background

This case concerns an alleged slip-and-fall. Plaintiff Chi Nguyen alleges that she slipped and fell at the checkout counter of one of Defendant's stores because Defendant had negligently failed to clean up an accumulated liquid on the floor. *See* DE 10. She seeks damages from Defendant resulting from the alleged slip-and-fall. Her husband, co-Plaintiff Huynh Nguyen, seeks damages resulting from the alleged loss of his wife's companionship and consortium. This action was originally filed in Florida state court but was then removed to this Court. [DE 1].

### II. Dispute Underlying Plaintiffs' Motion for Sanctions

The dispute underlying Plaintiffs' motion relates to Defendant's alleged spoliation of evidence, specifically a video recording from a surveillance camera that Plaintiffs contend "face[d]

the direction of the location of Plaintiff's fall." [DE 44 ¶ 9]. Previously, Plaintiffs filed a motion to compel Defendant to produce two photos taken by one of Defendant's employees as well as in-store surveillance videos that Defendant had claimed work-product privilege over and listed on its privilege log. *See* DE 11. Defendant failed to timely respond to Plaintiffs' motion, and the Court ordered Defendant to show cause as to why Plaintiffs' motion should not be granted. [DE 15]. In its response to that Order, Defendant stated that it had inadvertently failed to respond to Plaintiffs' motion and that its "intent was always to produce the video and photographs" that Plaintiffs were seeking. [DE 16 ¶ 2-3]. Plaintiffs then replied to Defendant's response, stating that in light of Defendant's response their Motion to Compel was moot. [DE 22]. The Court agreed and denied Plaintiffs' motion to compel accordingly. [DE 23].

Plaintiffs now contend that Defendant did not, in fact, produce the surveillance video that it represented to the Court that it would. Instead, Plaintiffs argue that Defendant failed to produce the video, failed to preserve it, and, as a result, improperly erased the video. This alleged spoliation, they contend, resulted in "extreme irreversible prejudice" to Plaintiffs. [DE 44 ¶ 11]. In response, Defendant states that it produced the relevant surveillance video currently in its possession. Plaintiffs also served on Defendant a request for production that requested "video showing the area" where Plaintiff Chi Nguyen allegedly slipped and fell. [DE 45-3 ¶ 5]. Defendant maintains that "there is no such video because no cameras in the store show this area." [DE 45 ¶ 1(F)]. Defendant also points out that Plaintiffs never made a written request to preserve video information and thus it "had no duty to preserve any videos at all, much less video from a distant camera that did not capture the accident[.]" [DE 45 ¶ 1(E)]. Defendant states that the video from the camera that Plaintiffs now argue should have been preserved and produced was overwritten and erased

after 30 days pursuant to Defendant's regular video retention policy. [DE 45 ¶ 14]. Defendant has produced affidavits in support of its position, while Plaintiffs have provided no such affidavit or other evidence.

## III. Discussion and Analysis

Plaintiffs' motion alleges the destruction or spoliation of a surveillance video allegedly depicting the slip-and-fall incident at issue in this case. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x. 298, 301 (11th Cir. 2009). As of December 1, 2015, claims for spoliation of electronically stored information ("ESI"), such as the one here, are governed by amended Rule 37(e). *See Living Color Enter., Inc. v. New Era Aquaculture, Ltd.*, No. 14-62216, 2016 WL 1105297, at *3 (S.D. Fla. Mar. 22, 2016).[1]

As amended, Rule 37(e) instructs that if a court finds prejudice to another party from the loss of ESI that "should have been preserved in the anticipation or conduct of litigation," then the court may "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). However, if the Court finds that the party that destroyed the ESI "acted with the intent to deprive another party of the information's use in the litigation," then the court can (1) "presume that the lost information was unfavorable to the party;" (2) "instruct the jury that it may or must presume the information was unfavorable to the party;" or (3) "dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2)(A)-(C).

---

[1] Both Plaintiffs and Defendant fail to discuss the facts of the alleged spoliation at issue in Plaintiffs' motion in the context of amended Rule 37(e).

A. <u>Preliminary Spoliation Questions</u>

"When confronted with a spoliation claim [involving ESI], the Court must first make some preliminary determinations under Rule 37(e) before turning to subsections (e)(1) or (e)(2)." *Living Color*, 2016 WL 1105297, at *4. First, the Court must address whether the allegedly spoliated ESI should have been preserved. *Id.* Second, the Court must inquire as to whether the allegedly spoliated ESI was lost because Defendant failed to take reasonable steps to preserve it. *Id.* at *5. And finally, third, the Court must examine whether the allegedly spoliated ESI cannot be restored or replaced through additional discovery. *Id.* If the answer to any of these three inquiries is "no," then the Court "need proceed no further" in its analysis under Rule 37(e), "and a motion for spoliation sanctions or curative measures must be denied." *Id.* If instead the answer to all three questions is "yes," then the Court must proceed with its analysis of the (e)(1) and (e)(2) factors. *Id.*

*i. <u>Whether the Allegedly Spoliated ESI Should Have Been Preserved</u>*

Because Plaintiffs do not dispute the fact that they never made a written request to Defendant that it preserve all surveillance videos from Defendant's store, Defendant was only required to preserve the video if it actually existed and litigation was "pending or reasonably foreseeable." *Graff*, 310 F. App'x. at 301.

Plaintiff Chi Nguyen originally brought her suit against Defendant in Florida state court on January 17, 2019. [DE 1-3].[2] Her alleged slip-and-fall occurred on January 25, 2017, nearly two years prior to the filing of the Complaint. *Id.* at ¶ 7. "A party has an obligation to retain relevant

---

[2] Plaintiff Huynh Nguyen was later added to this action after Plaintiff Chi Nguyen obtained leave of court to amend her Complaint. *See* DEs 9, 10.

documents when litigation is reasonably anticipated." *Simon Prop. Grp., Inc. v. Lauria*, 6-01598, 2012 WL 6859404, at *6 (M.D. Fla. Dec. 13, 2012). "Once a party reasonably anticipates litigation, it has an obligation to make a conscientious effort to preserve electronically stored information that would be relevant to the dispute." *U.S. ex rel. King v. DSE, Inc.*, No. 8-2416, 2013 WL 610531, at *7 (M.D. Fla. Jan. 17, 2013), *report and recommendation adopted by*, 2013 WL 608541.

The Court finds that Defendant did not have an affirmative duty to preserve the allegedly spoliated video from the date of the fall (January 25, 2017) to the date of the filing of this lawsuit (January 17, 2019), a period of nearly two years after Plaintiff Chi Nguyen's alleged slip-and-fall. Plaintiffs have provided no evidence that Defendant was given notice prior to the filing of this suit that Plaintiffs intended to file an action against it related to the alleged slip-and-fall. Moreover, merely because Plaintiff Chi Nguyen fell at Defendant's store, absent additional facts, does not mean that Defendant reasonably anticipated litigation on the date of the alleged fall. No duty to preserve arose until after this lawsuit was served on Defendant. Without a duty to preserve the allegedly spoliated video, Plaintiffs' motion for sanctions necessarily fails.

### ii. *Whether the Allegedly Spoliated ESI Was Lost because Defendant Failed to Take Reasonable Steps to Preserve It*

Even assuming Defendant did have a duty to preserve the allegedly spoliated video (which it did not), sanctions would still not be warranted unless the allegedly spoliated ESI was lost because Defendant failed to take reasonable steps to preserve it. *Living Color*, 2016 WL 1105297, at *5. "Reasonable steps to preserve . . . does not call for perfection." Fed. R. Civ. P. 37(e) Advisory Committee's Notes to 2015 Amendment. "[E]ven when litigation is reasonably foreseeable, 'a

corporation under a duty to preserve is not required to keep every shred of paper, every e-mail or electronic document, and every backup tape. In essence, the duty to preserve evidence extends to . . . unique, relevant evidence that might be useful to the adversary.'" *Ala. Aircraft Indus., Inc. v. Boeing Co.*, 319 F.R.D. 730, 740-41 (N.D. Ala. 2017) (quoting *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liability Litig.*, 299 F.R.D. 502, 517-18 (S.D. W. Va. 2014)) (internal citations omitted).

The Court finds that Defendant did not fail to take reasonable steps to preserve the allegedly spoliated evidence because the video was not "unique, relevant evidence that might be useful to" Plaintiffs. *Id.* Although Plaintiffs contend that the video would have clearly showed Plaintiff Chi Nguyen's slip-and-fall, they fail to cite to a shred of evidence in support of this claim. Instead, they direct the Court to an excerpt of a deposition transcript of one of Defendant's employees not filed with the instant motion but rather supposedly filed with their motion for summary judgment. [DE 44 ¶ 9]. Defendant, for its part, supports its argument that the allegedly spoliated video would not have captured any part of Plaintiff Chi Nguyen's slip-and-fall with evidence, including an affidavit from its store manager. [DE 45-1].

As an initial matter, Plaintiffs were required to contemporaneously file any supporting evidence they wished the Court to consider in conjunction with their motion. *See* S.D. Fla. L.R. 7.1(c)(1) ("All materials in support of any motion, response, or reply, including affidavits and declarations shall be served with the filing."). And second, the Court has reviewed Plaintiff's motion for summary judgment and the only depositions listed as exhibits to that motion are excerpts of Plaintiffs' own depositions. *See* DE 28-1, 28-2. Thus, Plaintiffs fail to even make a colorable argument as to the second Rule 37(e) factor.

But even if they had, the Court finds that Defendant did not fail to take reasonable steps to

6

preserve the allegedly spoliated surveillance video as it had no knowledge whatsoever that Plaintiffs intended to file a claim against it and Defendant has presented uncontroverted evidence via affidavit that the video would not have captured the alleged slip-and-fall.

B. <u>Whether Sanctions Are Warranted under Rule 37(e)</u>

Given that two of the three preliminary requirements for the imposition of sanctions for spoliation of evidence under Rule 37(e) have not been met, the Court finds that Plaintiffs' motion for sanction is without merit. *See Living Color*, 2016 WL 1105297, at *5. Defendant was under no duty to preserve the allegedly spoliated video for almost two years without any indication from Plaintiffs that they intended to pursue litigation against Defendant. Further, Plaintiffs have failed to present any evidence whatsoever indicating that the allegedly spoliated video was relevant to this litigation and thus Defendant needed to have taken reasonable steps to preserve it.

### IV. Conclusion

In light of the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion for Sanctions [DE 44] is **DENIED**.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of January 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge