UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-80393-MARRA/MATTHEWMAN

CHI NGUYEN and HUYNH
NGUYEN, her husband,

    Plaintiffs,
vs.

COSTCO WHOLESALE CORP.,
a foreign for-profit corporation,

    Defendant.
_____/

## ORDER AND OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment (DE 28). Because neither party submitted a Statement of Material Facts, the Court required that they do so and removed this matter from the trial calendar (DE 50).[1] Now that the parties have made their submissions, the Court has carefully considered the entire Court file and is otherwise fully advised in the premises.

---

[1] "[I]t is the nonmovants' obligation to specifically bring the factual dispute to the court's attention by rebutting the movant's factual statements on a paragraph by paragraph basis and with specific citations to the record." *Joseph v. Napolitano*, 829 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012). The Local Rules expressly caution, "[a]ll material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply. *Moghaddam-Trimble v. South Fla. Water Management District*, 2011 WL 13268844, at *1 (S.D. Fla. 2011).

    Plaintiffs' Statement of Material Facts [DE 52] does not follow the requirements outlined in Local Rule 56.1 in *four* ways. First, Plaintiffs' Statement of Material Facts does not address the 32 numbered paragraphs in Defendant's Statement of Material Facts [DE 51] on a paragraph-by-paragraph basis. Second, Plaintiffs did not list their additional material facts after addressing Defendant's 32-numbered paragraphs. Third, Plaintiffs numbered their paragraphs beginning with 1, rather than starting with 33, as required by Rule 56.1. Fourth, many of Plaintiffs' paragraphs make arguments rather than present facts, with no citations. When a party "fails to direct the Court to the record evidence in support of its asserted facts (or its reasons for disputing an opposing party's asserted facts) contained in each sentence, the Court will not consider those assertions in deciding the Motion." *Gold Krown Fund, LLC v. Shapiro*, No. 16-23525-CIV, 2017 WL 10966649, at *2 (S.D. Fla. 2017) quoting *Levey*

Plaintiffs, Chi Nguyen, and her husband Huynh Nguyen, bring this action against Costco Wholesale Corporation ("Costco") seeking damages for personal injuries sustained in a slip and fall accident. Amended Complaint [DE 10] ("Am. Compl."), ¶ 6.

**General Background**

1. Chi Nguyen has been a Costco member for six or seven years. She has been going to the Costco location where her accident occurred approximately every two weeks. Chi Nguyen deposition ("Depo.") DE 28-1 and DE 51-2 at 6-7.

2. She agrees that she might have been to the accident location more than 90 times before the incident in question. Chi Nguyen Depo. at 7-8. Huynh Nguyen accompanies his wife to Costco 99% of the time because she doesn't drive. He estimates that he has been to the Costco where Chi Nguyen's accident occurred 100 times before the incident in question. Huynh Nguyen deposition ("Depo.") DE 28-2 and DE 51-3 at 13.

3. Chi Nguyen is not able to say that she ever saw anything about the store that was not neat and clean in the four years before the accident (because she doesn't pay attention to that). Chi Nguyen Depo. at 8. Huynh Nguyen testified that he always found Costco to be "very clean." Huynh Nguyen Depo. at 13-14.

---

*v. Wells Fargo Bank, N.A.*, No. 14-22164, 2015 WL 12533125, at *1 (S.D. Fla. Feb. 17, 2015) (emphasis in original)

**The Accident**

4. Chi Nguyen's accident occurred as she was walking from the checkout line towards the exit door after having completed her shopping and having paid for all of her purchases.  Chi Nguyen Depo. at 10-11.

5. There were no witnesses to her fall and the closest surveillance camera was mounted behind the customer service desk.  Vasquez Depo. at 5-6, DE 55-1.

6. Chi Nguyen did not see anything on the floor before she fell but, after she fell, she saw water on the floor.  Chi Nguyen Depo. at 12-15.

7. Chi Nguyen testified that she saw a puddle of water on the floor but she could not estimate the size of the puddle.  Chi Nguyen Depo. at 16-17.

8. Chi Nguyen saw her own footprint/skid mark in the puddle after she stood up, but she did not see anything else.  Chi Nguyen Depo. at 21.

9. Chi Nguyen is not able to say at all how much water was on the floor.  Chi Nguyen Depo. at 23-24.

10. Chi Nguyen does not know if the liquid on the floor was dirty.  Chi Nguyen Depo. at 23.

11. Huynh Nguyen was following approximately two shopping cart lengths behind his wife when she fell.  Huynh Nguyen Depo. at 14.

12. Huynh Nguyen went to his wife immediately after he parked the shopping cart where it would not be an impediment to other shoppers.  Huynh Nguyen Depo. at 14.

13. Chi Nguyen was already standing up when Huynh Nguyen reached her.  Huynh Nguyen Depo. at 14.

14. The liquid was already being cleaned up by a Costco employee before Huynh Nguyen arrived.  He only saw the wet mark left on the floor by the cleaning process.  Huynh Nguyen Depo. at 15.

15. Joanne Loury, a refund cashier/membership assistant who works behind the customer service desk, cleaned the liquid which caused Chi Nguyen's fall with paper towels.  Joanne Loury Depo. at 3-5, DE 34 at 52.  She did not observe anything around the liquid which would indicate the source of it.  *Id*.

16. Huynh Nguyen does not know what was on the floor.  Huynh Nguyen Depo. at 15.

17. William Vasquez, the administrative manager on duty the day of Chi Nguyen's fall, never saw the water on the floor.  He was called to the scene and testified that one of the girls that cleaned up the liquid pointed to the area where the spill had been.  Vasquez took a photograph of that area.  Vasquez Depo. at 6-7.

18. The photograph taken by Mr. Vasquez was marked as Exhibit 3 to his deposition and Mr. Vasquez testified that Exhibit 3 depicted the area where Chi Nguyen was reported to have slipped.  *Id*. at 6.  A patched expansion joint on the floor is in "the general area where" the woman that cleaned up the spill said the spill had been located.[2]  Vasquez Depo. at 7.

19. During her deposition, Joanne Laury, the employee who cleaned up the spill, was shown Exhibit 3 and asked if it depicted the area of Chi Nguyen's fall.  Lourey responded "that could be a picture of any part of the floor.  The whole warehouse looks like that."  Laury Depo. at 6 (DE 34 at 54).

---

[2] Contrary to Plaintiffs' assertion, there is no testimony or evidence that the spill was "directly on top" or "at the location" of the expansion joint. DE 34 at 5; DE 55 at ¶¶ 10-11.

20. There are no mounted cameras in Costco that depict the area between the customer service desk and the warehouse exit door. Donald Kenniston Depo. at 6 (DE 34 at 98).

**Actual Notice**

21. Plaintiffs agree that there is no evidence that Costco had actual notice of a spill of water (or any other liquid) being on the floor at the time of Chi Nguyen's fall. DE 52, ¶ 4. When asked if she had any personal knowledge that a Costco employee spilled the liquid on the floor, Chi Nguyen testified that she was certain she did not know who spilled the water on the floor. Chi Nguyen Depo. at 24.

22. Chi Nguyen has no personal knowledge that a Costco employee saw the spill on the floor before the accident but ignored it. Chi Nguyen Depo. at 24-25.

23. Chi Nguyen acknowledged that no one told a Costco employee about the spill before her fall. Chi Nguyen Depo. at 25.

24. Chi Nguyen does not know if any Costco employee was aware of the spill before her fall. Chi Nguyen Depo. at 25.

25. Huynh Nguyen has no evidence that a Costco employee spilled something on the floor. Huynh Nguyen Depo. at 16.

26. Huynh Nguyen is not able to say that a Costco employee saw the spill on the floor but ignored it, and he has no reason to believe that anyone told Costco about the spill before his wife's accident. Huynh Nguyen Depo. at 16.

**Constructive Notice**

27. Costco produced a Daily Floor-walk/Safety Inspection checklist for the day of Chi Nguyen's accident. DE 55-2. Costco employee Don Angus testified that "[f]loor

walks are done every hour and we – on the odd hours; that is where we take temperatures of all the freezers and coolers in the building.  And the even hours there's what's called a sweep.  We go through the building and you check the aisles for trash on the floor, any spills like that." Donald Angus Depo. at 4, DE 55-3.  While the area between the customer service desk and the exit door where Chi Nguyen's accident occurred is not a zone on the checklist, it was Don Angus' customary practice to check that area when he started his walk.  Angus Depo. at 11.

28. Chi Nguyen does not know:

- Who spilled the liquid on the floor;
- How the liquid got on the floor;
- When the liquid got on the floor; or
- How long the liquid had been on the floor before she stepped in it.

Chi Nguyen Depo. at 24.

29. Chi Nguyen was not able to give any description of the puddle that she says she saw on the floor.  Chi Nguyen Depo at 24.

30. Chi Nguyen neither saw anyone else's footprints in the spill, nor shopping cart tracks through the spill.  Chi Nguyen Depo. at 25-26.

31. Chi Nguyen has no idea if the spill was caused by the person that was walking directly ahead of her.  Chi Nguyen Depo. at 25.

32. Chi Nguyen doesn't know if the spill was there for only seconds before she stepped in it.  Chi Nguyen Depo. at 25.

33. Huynh Nguyen testified that he does not know:

- What was on the floor;

- Who put it on the floor;

- How it got there;

- When it got there; or

- How long it had been there before his wife's accident

Huynh Nguyen Depo. at 15-16.

34. Huynh Nguyen does not think that Costco did anything wrong.  Huynh Nguyen Depo. at 19.

**Standard of Review**

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case.  *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).  An issue of fact is "genuine" if the record, taken as a whole, could lead a rational trier of fact to find for the nonmoving party.  *Id.*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("*Anderson*").

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact.  *Id.* (citation omitted).  In deciding whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.

1993).  Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also* Fed. R. Civ. P. 56(e).

## Discussion

Costco, as the moving party for summary judgment, must show there is no genuine issue of material fact on one or more of the elements of Plaintiffs' negligence claim: (a) that it owed a duty to Plaintiffs; (b) it breached that duty; (c) there was a causal connection between its breach and Plaintiffs' injury; and (d) Plaintiffs suffered damages as a result of the breach.  *Lago v. Costco Wholesale Corp.*, 233 So.3d 1248, 1251 (Fla. Dist. Ct. App. 2017) ("*Lago*") citing *Wilson-Greene v. City of Miami*, 208 So.3d 1271, 1274 (Fla. Dist. Ct. App. 2017) ("A negligence claim has four elements: (1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff.").

Normally, the duties owed by a business to one of its invitees are: "(1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner of which the invitee could not discover." *Delgado v. Laundromax, Inc.*, 65 So.3d 1087, 1089 (Fla. Dist. Ct. App. 2011) ("*Delgado*").  But in Florida Statutes § 768.0755, the legislature modified a business's duties when its invitees are injured by "transitory

foreign substances."[3]  See *Lago*, 233 So.3d at 1250 ("In 2010 the Florida legislature enacted Section 768.0755, Florida Statutes, the clear intent of which is to re-position the burden of proof in constructive knowledge negligence actions fully onto a plaintiff.") (quoting *Walker v. Winn-Dixie Stores, Inc.*, 160 So.3d 909, 911 (Fla. Dist. Ct. App. 2014); *Glasco v. Pembroke Lakes Mall*, LLC, No. 18-CV-60551, 2019 WL 1112277, at n.2 (S.D. Fla. 2019) (same); *see also Encarnacion v. Lifemark Hosps. of Fla.*, 211 So.3d 275, 278 (Fla. Dist. Ct. App. 2017) ("where a business invitee slips and falls on a 'transitory substance' in a business establishment … proof of the breach element of the claim against an owner of the establishment is statutorily constrained …."). Section 768.0755 provides:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.  Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.[4]

§ 768.0755(1), Fla. Stat.

Accordingly, proof of actual or constructive knowledge is a necessary element of a slip and fall claim.  *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 426 (Fla. Dist. Ct. App. 2014); *Woodman v. Bravo Brio Restaurant Group, Inc.*, No. 14-

---

[3] A "transitory foreign substance" refers "generally to any liquid or solid substance, item or object located where it does not belong."  *Owens v. Publix Supermarkets, Inc.*, 802 So.2d 315, 317 n.1 (Fla. 2001).
[4] There are no allegations or evidence to support an inference that the substance that caused Chi Nguyen to fall was a condition that occurred with regularity.

cv-2025, 2015 WL 1836941, *2 (M.D. Fla. Apr. 21, 2015) (interpreting § 768.0755 to effectuate the legislature's intent and finding that proof of actual or constructive knowledge is an element of a slip and fall case, replacing proof by negligent mode of operation); *Valles v. Target Corp.*, No. 14-cv-60723, 2015 WL 1640326, *2 (S.D. Fla. Apr. 9, 2015) (under Florida law, "a person claiming that a store was negligent by not cleaning up a dangerous condition must present some evidence that the dangerous condition . . . existed for such a length of time that, in the exercise of ordinary care, the store would have known of the condition") citing *Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x 723, 726 (11th Cir. 2014) (affirming an order granting summary judgment where the plaintiff failed to establish that the restaurant had actual or constructive notice of a slippery substance on the floor where he fell).

Actual knowledge of a dangerous condition exists when a business owner's employees or agents know of or create the dangerous condition. *Palavicini v. Wal-Mart Stores East, LP*, 787 F.App'x 1007, 1010 (11th Cir. 2019) ("*Palavicini*"). Plaintiffs concede that there is no evidence that Costco had actual knowledge of the liquid which allegedly caused Chi Nguyen to slip and fall. Plaintiffs' Statement of Material Facts, DE 52, ¶ 4. Therefore, in moving for summary judgment, only one element is relevant here: whether Costco had constructive knowledge of the slippery liquid substance on the floor between the checkout area and the exit door. *Doudeau v. Target Corp.*, 572 F.App'x 970, 971 (11th Cir. 2014).

**Constructive Notice Under Fla. Stat. § 768.0755(1)(a)**

"[T]he mere presence of water on the floor is not enough to establish constructive notice" − rather, the record must contain additional facts to create a

permissible inference regarding the amount of time the water had been on the floor. *Palavicini*, 787 F.App'x at 1013 citing *Delgado*, 65 So. 3d at 1090 (because the mere presence of water on the floor is not enough to establish constructive notice, the record must contain additional facts in support of liability, to create a permissible inference upon which Delgado could rely in defense against Laundromax's motion for summary judgment.); *Oliver v. Winn-Dixie Stores, Inc.*, No. 4D19-291, 2020 WL 813378, at *3 (Fla. Dist. Ct. App. 2020).  Under Fla. Stat. § 768.0755(1)(a), Plaintiff must establish that the "dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the defendant." *Palavicini*, 787 F.App'x at 1012 quoting *Grimes v. Family Dollar Stores of Fla., Inc.*, 194 So. 3d 424, 427–28 (Fla. Dist. Ct. App. 2016) ("*Grimes*"); *Valles v. Target Corp.*, No. 14-cv-60723, 2015 WL 1640326, at *2 (S.D. Fla. Apr. 9, 2015) (same) citing *Vallot v. Logan's Roadhouse, Inc.*, 567 F.App'x 723, 726 (11th Cir. 2014) ("*Vallot*").

Without any supporting evidence whatsoever, Plaintiffs assert that still photographs (from the video surveillance provided by Costco) provide undisputed evidence of Costco employees traversing the area of Chi Nguyen's fall on multiple occasions prior to the incident, covering a timeframe in excess of 15 minutes.  DE 34 at 7-10; DE 52, ¶¶ 14, 16.  "In addition to this timeframe, multiple Costco employees traversed this exact area within approximately one minute prior to Plaintiff's fall. Plaintiffs Exhibits 6A, 6B, 6C, and 6D attached to Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment."  DE 52, ¶ 15.  No witness testified to what the photographs upon which Plaintiffs rely show, where Plaintiff fell

in relation to what is depicted in those photographs, and how or why any person shown in the photographs would have had the ability or the opportunity to see the liquid on which Chi Nguyen fell or cause it to be removed in time to prevent the fall. Plaintiffs assertion that these photographs, combined with the fact that the location of the fall is not identified as a sweep zone on the walk-through list, provides sufficient evidence to allow a jury to infer that the condition had been present long enough that Costco should have discovered it, is rejected as rank speculation.  DE 34 at 9.  *Oliver v. Winn-Dixie Stores, Inc.*, No. 4D19-291, 2020 WL 813378, at *3 (Fla. Dist. Ct. App. 2020) (unclear video did not create issue of material fact).

Even assuming the people depicted in the photographs were Costco employees, there are several appellate decisions which hold that the presence of the defendant's employees near the accident scene is not sufficient to defeat a motion for summary judgment or directed verdict.  For example, in *Friedman v. Biscayne Restaurant, Inc.*, 254 So.2d 831, 831 (Fla. Dist. Ct. App. 1971), the Plaintiff was being led to her table by a hostess at the time that she fell and the appellate court concluded that the trial judge was correct in granting the motion for directed verdict in favor of the defendants.  "The evidence failed to show how the foreign substance got on the floor, how long it had remained on the floor or whether the defendants knew or should have known it was on the floor."  See also, *Lester's Diner II, Inc. v. Gilliam*, 788 So.2d 283, 286 (Fla. Dist. Ct. App. 2001) (Plaintiff was following the restaurant host to a seat when she slipped and fell on her back.  Appellate court reversed the trial court's denial of appellant's motion for directed verdict and directed that judgment be entered in favor of appellant. "No one, including appellee, saw any substance on the

floor. Further, there was no evidence as to how the oily substance got there or how long it had been there."); *Hamideh v. K-Mart Corp.*, 648 So.2d 824, 825 (Fla. Dist. Ct. App. 1995) (trial court correctly granted defendant's motion for summary judgment where a reasonable inference, creating a presumption of notice on the part of the defendant, could not be drawn from the fact that a store employee was stocking shelves with shampoo bottles four steps from where plaintiff slipped and fell); *Miller v. Big C Trading, Inc.*, 641 So.2d 911, 912 (Fla. Dist. Ct. App. 1994) (evidence that two supermarket employees were nearby when victim slipped and fell on grape did not give rise to inference that employees should have known and were therefore on constructive notice of grape's presence before accident; absent indication as to how long grape was there, there could be nothing but speculation to support claim that employees could have seen it in time to remove it); *Winn-Dixie Stores, Inc. v. Mazzie*, 707 So.2d 927, 929 (Fla. Dist. Ct. App. 1998) (evidence that a Winn-Dixie employee was previously restocking a deli refrigerator which was in the same area where Mazzie slipped and fell is insufficient to create an inference that Winn-Dixie had constructive notice of any dangerous condition).

  Viewing the evidence and all factual inferences arising from it in the light most favorable to Plaintiffs, as the Court must at this motion for summary judgment stage, the evidence fails to create a permissible inference that the spill existed for such a length of time that in the exercise of reasonable care the spill would have been known to Costco. *Grimes*, 194 So.3d at 427-28. The record in this case does not contain facts which would allow a jury to infer how long the liquid was on the floor because Plaintiffs have admitted that they have no idea how the liquid got there or

how long it had been on the floor and Plaintiffs have provided no additional facts regarding the amount of time the liquid had been on the floor.

Taken in the light most favorable to Chi Nguyen, the evidence shows that she slipped and fell on a liquid substance on the floor at Costco. Chi Nguyen did not see the liquid before falling, did not know where the liquid came from, did not know how long it had been present before falling, and did not know of any Costco employees who were aware of the liquid on the floor immediately before falling. There is no evidence of footprints, prior track marks, changes in consistency, drying of the liquid, or other evidence that would tend to show that the liquid was on the floor for an amount of time sufficient to impute constructive notice to Costco.

Thus, there is no evidence to indicate that the liquid was not on the floor for a long period of time prior to the incident. *See Wal-Mart Stores, Inc. v. King*, 592 So. 2d 705, 706–07 (Fla. Dist. Ct. App. 1991) (reversing a jury verdict in favor of a slip-and-fall plaintiff when the spilled substance displayed no "obvious signs of age, such as skid marks, smudges, dirt or the like" and there was no evidence about how or when the substance got on the floor); *see also Garcia v. Wal-Mart Stores East, L.P.*, No. 14-cv-255, 2015 WL 898582, at *3 (M.D. Fla. Mar. 3, 2015) (noting that evidence of deterioration supports constructive knowledge, while absence of such evidence disproves it). There was also no testimony of wheel tracks through the liquid as existed in *Cisneros v. Costco Wholesale Corp.*, 754 So. 2d 819, 820 (Fla. Dist. Ct. App. 2000). In fact, the testimony showed that no wheel tracks were present. This hardly "establish[es] that the 'dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the

defendant.'" *See Palavicini*, 787 F. App'x at 1012 quoting *Grimes,* 194 So. 3d at 427–28.

The undisputed summary judgment evidence is that the floor was wet and Chi Nguyen slipped and fell. There are no facts to suggest the spill was on the ground for enough time to impute constructive knowledge to Costco. Without those facts, Costco is entitled to summary judgment. *See, e.g., Palavicini*, 787 F. App'x at 1013 ("Palavicini has provided no additional facts that would support constructive notice. Rather, the facts indicate that the liquid was not on the floor for a long period of time prior to the incident." (footnote omitted)); *Lago*, 233 So. 3d at 1252 ("Without additional facts suggesting the liquid had been there for a long period of time or this happened regularly, the trial court properly granted summary judgment ...."); *Delgado,* 65 So. 3d at 1090 ("In fact, all the facts regarding the spill suggest that it was not on the floor for a long period of time prior to Delgado's slip and fall." (citations omitted)); *Oliver v. Winn-Dixie Stores, Inc.*, No. 4D19-291, 2020 WL 813378, at *3 (Fla. Dist. Ct. App. 2020) ("No facts suggest the grape and surrounding liquid were on the ground for enough time to impute constructive knowledge to Winn-Dixie. Without those facts, Winn-Dixie was entitled to summary judgment"); *McCarthy v. Broward College*, 164 So.3d 78, 81 (Fla. Dist. Ct. App. 2015) (affirming summary judgment for the business establishment because the plaintiff "was unable to identify the liquid in the elevator, determine how long it had been there, or establish if anyone at Broward College had actual or constructive notice of its presence.")

The facts of *Delgado* are almost identical to the facts of the case at bar. In *Delgado,* the plaintiff walked into a laundromat and after a few steps slipped and fell.

*Delgado*, 65 So.3d at 1090.  Similarly to Plaintiff, she thought the substance she slipped on was water because it was transparent.  *Id*.  "Delgado testified she did not: (1) know where the water came from; (2) see water anywhere else other than where she slipped; (3) know how long the water was on the floor before she slipped; or (4) know of anyone at Laundromax who knew the water was on the floor before she walked in."  *Id*.

Here, Plaintiff does not know where the alleged water came from, she did not see any other water except where she slipped, she did not know how long the water was on the floor prior to her slip, and she did not know of anyone who knew the water was there before she slipped.  "Just like in *Delgado*, this is not enough to establish that [Costco] breached its duty of care."  *Vallot*, 567 F.App'x 723, 726.  "[B]ecause the record is completely devoid of any evidence, either direct or circumstantial, directed to [Costco's] notice of the dangerous condition, no negligence was shown and summary judgment [is] proper."  *Evens v. E. Air Lines, Inc.*, 468 So. 2d 1111, 1112 (Fla. Dist. Ct. App. 1985).

To conclude that Costco had constructive notice under Fla. Stat. § 768.0755(1)(a) would require drawing a series of impermissible inferences that are unsupported by the record.  *See Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982) ("[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation.  This proposition is undoubtedly sound." (internal quotation marks omitted)).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (DE 28) is granted. In accordance with Fed. R. Civ. P. 58, final judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of April, 2020.

                                                KENNETH A. MARRA
                                          United States District Judge